M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY ALBERTI LIM & BELLOLI LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

Attorneys for Uniloc 2017 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br>v.<br>NETFLIX, INC., et al<br>Defendants. | CASE NO. 8:18-cv-02055-JVS-DFM, consolidated with CASE NOS. 8:18-cv-02056, 8:18-cv-02058-JVS-DFM, 8:18-cv-02150-JVS-DFM, 8:19-cv-00295-JVS-DFM<br><br>**PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |

# 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

# 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not

-1-

qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or within 21 days after the deposition or proceeding.

2.2.1 A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2 Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the

-2-

PROTECTIVE ORDER

expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3 Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4. ACCESS TO DESIGNATED MATERIAL**

**4.1 Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Protective Order shall prevent or restrict a producing Party's own disclosure or use of its own designated material for any purpose.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    **4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

-3-

PROTECTIVE ORDER

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3** **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2** The Court and its personnel;

**4.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**4.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to Experts**. Unless agreed to in writing by the designator:

**4.4.1** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume (which shall identify at least the expert's education history, employement history, all publications, and all granted and pending patent applications), (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any

confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.2** A party that makes a request and provides the information specified in paragraph 4.4.1 may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.3** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

5. **SOURCE CODE**

For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, which shall mean documents or information containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation ("Source Code Material"), the following additional restrictions apply:

**5.1** Access to a party's Source Code Material shall be provided only on a "standalone" computer (that is, the computer may not be linked to any network, including a local area network, an intranet or the Internet) ("Source Code Computer") that is password protected and maintained in a secure room ("Source Code Review Room"). For Defendants Netflix, Hulu, and Roku, the Source Code Computer shall be located at the offices of outside counsel: Perkins Coie LLP, 11452 El Camino Real, Suite 300, San Diego, CA 92130-2080; for Defendant ABC, the Source Code Computer shall be located at the offices of outside counsel: O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras,

CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room;

**5.2** The Source Code Computer will only be available during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not federal holidays). Prior to the first inspection of any requested Source Code Material, the receiving party shall provide twenty-one (21) days' notice of the Source Code Material that it wishes to inspect. The receiving party shall provide three (3) business days notice prior to any subsequent inspections. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action;

**5.3** The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer. The producing party may visually monitor the activities of the receiving party's representatives during any Source Code Material review, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way;

**5.4** The producing party will produce Source Code Material in computer searchable format on the Source Code Computer as described above and will, upon request from the receiving party, install freely available software tools on the Source Code Computer for purposes of the review (including but not limited to software to perform searches of the Source Code Material), if such tools exist and are in possession of the producing party at the time the first request to review Source Code Material is received;

**5.5** The receiving party may, at its own expense, request that the producing party install software on the Source Code Computer to perform searches of the

Source Code Material, provided that such other software is necessary for the receiving party to perform its review of the Source Code Material consistent with all of the protections herein. The receiving party must provide the producing party with removable electronic media (e.g., a CD, DVD, or flash memory "stick") containing such software tools at least fourteen (14) days in advance of the date upon which the receiving party wishes to have the additional software available for use on the Source Code Computer. Timely requests for the installation of such search software will not be unreasonably denied so long as the receiving party possesses an appropriate license to such software tools, and the requested search software is compatible with the operating system, and other software necessary to make the Source Code Material available for inspection, installed on the Source Code Computer, does not prevent or impede the receiving party's access to the Source Code Material produced for inspection on the Source Code Computer, and does not side-step any of the security features enabled on the Source Code Computer (e.g., enable connection and use of USB thumb drives). The receiving party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing party) on the Source Code Computer without first submitting a written request and obtaining the producing party's agreement to the request;

**5.6** A receiving party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

**5.7** No electronic copies of Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be

filed or served electronically. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead). The receiving party shall maintain a log of all such electronic copies of any portion of Source Code Material in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. If a party reasonably believes that it needs to submit a portion of Source Code Material as part of a filing with the Court, the Party shall excerpt the Source Code Material to include only the portions of Source Code Material necessary to that filing;

**5.8** The receiving party shall be permitted to request printouts of portions of Source Code Material reasonably anticipated by the receiving party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information of the producing party, and such other uses to which the parties may agree or that the Court may order. The receiving party shall not request printouts of Source Code Material in order to review the Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Material in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer in the Source Code Review Room;

**5.9** The receiving party may request a reasonable number of printouts of Source Code Material and up to two (2) extra photocopy sets of the printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving party shall maintain a log of all such printed or photocopied files, including the names of the reviewers and/or recipients of the copies and locations where the paper copies are stored. To request printouts of any such portion of Source Code Material, the receiving party shall print the portions using the Source Code Computer and provide the printouts to the producing party. Upon receiving the printouts from the receiving party, the producing party shall have five (5) business days to provide copies of the printouts of the requested Source Code Material. The receiving party is not permitted to retain printed portions of Source Code Material in the first instance—all paper copies of Source Code Material shall be provided by the producing party. Any printed portion of Source Code Material that consists of more than twenty (20) pages of a continuous block of Source Code Material shall be presumed to be excessive. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within seven (7) days of receipt of a request for printed portions of Source Code Material. If after meeting and conferring, the producing party and the receiving party cannot resolve the objection (where such meet and confer need not take place in person), either party may seek an order from the Court. Contested source code printouts need not be produced to the requesting party until the matter is resolved by the Court. Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper. The producing party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL – SOURCE CODE" and give each page a unique identification number;

-10-

PROTECTIVE ORDER

**5.10** The receiving party shall maintain a record of any individual who has inspected any portion of the Source Code Material. Upon two (2) day's advance notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party;

**5.11** All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition);

**5.12** For depositions, outside counsel for the receiving party may bring one printed copy of Source Code Material. If a receiving party intends to use source code to examine a deposition witness, the receiving party must notify the producing party of that intention no later than five (5) business days prior to the deposition. At the election of the producing Party, (i) the receiving party may bring up to two additional printed copies of the portions of Source Code Material the receiving party intends to use to examine the deposition witness, or (ii) the producing party will provide a source code computer at the deposition containing all source code, in computer searchable format, previously produced by the producing party. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather, the deposition record will identify the exhibit by its production numbers;

**5.13** For court proceedings, outside counsel for the receiving party may bring one printed copy of Source Code Material. If a receiving party intends to use source code during a court proceeding, the receiving party must notify the producing party of that intention no later than three (3) business days prior to the court proceeding. At the election of the producing party, (i) the receiving party may bring up to two additional printed copies of the portions of Source Code Material the receiving party intends to use at the hearing, or (ii) the producing party will provide a source code computer at the court proceeding containing all source code, in computer-searchable format, previously produced by the producing party;

**5.14** If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts at all times when it is not in use. The receiving party shall provide access to the printed portions of Source Code Material to no more than a total of five (5) individuals (except insofar as such code appears in any court filing or expert report); and

**5.15** A producing party's Source Code Material may only be transported by the receiving party at the direction of a person authorized under § 4.3 above to another person authorized under paragraph § 4.3 above, on paper mailed in a secure container with a tracking number and must require a signature by the recipient. Copies of any Source Code Material provided to the receiving party shall not be mailed without express notice to the producing party. The recipient must maintain and store the Source Code Material pursuant to Paragraph § 5.14. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a local are network, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, and is at all times subject to the transport restrictions set forth herein.

**6.** **PROSECUTION BAR**

Absent written consent from the designator, any individual representing or associated with the Plaintiff who receives access to HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patents-in-suit during the pendency of this action and for two (2) years after its conclusion, including any

appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of any new or amended claims in any such proceedings.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

   7.1 **Subpoenas and Court Orders**. This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

   7.2 **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

       7.2.1 Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

       7.2.2 Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

       7.2.3 Cooperate with all reasonable procedures sought by the designator whose material may be affected.

   7.3 **Wait For Resolution of Protective Order**. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not

produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**8.** <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**9.** <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**10.** <u>**FILING UNDER SEAL**</u>

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this

Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**11. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60- day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO ORDERED**.

DATED: August 5, 2019

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A
## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]